1  WAYNE C. MAYER (62031)
   Law Offices of Wayne C. Mayer
2  4619 Van Dyke Avenue
   San Diego, CA 92116
3  (619) 281-9263
   fax (619) 281-2963
4
   Attorney for Material Witness:    JOB RODRIGUEZ RAMIREZ
5                                    VICTOR PEREZ CHAVEZ
                                     ERASMO MALDENADO RIOS
6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11

12 | UNITED STATES OF AMERICA,        ) Case No.: 08 CR 2252 BTM
                                      )
13 |        Plaintiff,                ) NOTICE OF MOTION AND MOTION FOR
                                      ) VIDEOTAPE DEPOSITION OF MATERIAL
14 |     vs.                          ) WITNESSES JOB RODRIGUEZ RAMIREZ,
                                      ) VICTOR PEREZ CHAVEZ, ERASMO
15 | MIRZA ALVAREZ ESTRADA, JORGE     ) MALDENADO RIOS AND REQUEST FOR
   | CAMACHO ANZURES,                 ) STATEMENT OF REASONS IN SUPPORT
16 |                                  ) OF CUSTODY
   |        Defendants.               )
17                                      Date:  August 15, 2008
                                        TIME:  1:30 p.m.
18                                      DEPT:  Judge Moskowitz

19      PLEASE TAKE NOTICE that on **August  15 , 2008  at 1:30 p.m.** or as soon thereafter

20 as counsel may be heard, material witness JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ

21 CHAVEZ, ERASMO MALDENADO RIOS (hereafter "Material Witnesses) by and through his

22 counsel, Wayne C. Mayer will bring a motion for a court order to take the Material Witnesses'

23 videotaped deposition.

24 /////

25 /////

**MOTION**

Material Witnesses, pursuant to Federal Rules of Criminal Procedure, Rule 15, and Title 18 U.S.C. sec. 3144, hereby moves this court for an order to take their deposition by videotape and release them at the conclusion of the deposition. If the Court denies this motion, then Material Witnesses further requests the United States Attorney's office provide the witnesses with a Statement of Reasons in Support of Custody in accordance with Federal Rules of Criminal Procedure, Rule 46(g).

This Motion is based upon this Notice, the Memorandum of Points and Authorities in Support thereof, the Declaration of Wayne C. Mayer, the files and records in the above entitled cause, and any and all other information brought to the Court's attention prior to or during the hearing on this motion.

Dated: July 24, 2008             Respectfully submitted,


                                 s/ Wayne C. Mayer _____
                                 Wayne C. Mayer
                                 Attorney for Material Witnesses
                                 JOB RODRIGUEZ RAMIREZ
                                 VICTOR PEREZ CHAVEZ
                                 ERASMO MALDENADO RIOS

WAYNE C. MAYER (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
fax (619) 281-2963

Attorney for Material Witness:   JOB RODRIGUEZ RAMIREZ
                                 VICTOR PEREZ CHAVEZ
                                 ERASMO MALDENADO RIOS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 08 CR 2252 BTM |
| Plaintiff, | POINTS AND AUTHORITIES IN SUPPORT OF JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, and ERASMO MALDENADO RIOS' MOTION FOR VIDEO TAPED DEPOSITION |
| vs. | |
| MIRZA ALVAREZ ESTRADA, JORGE CAMACHO ANZURES, | |
| Defendant(s). | DATE: August 15, 2008<br>TIME: 1:30 p.m.<br>DEPT: Judge Moskowitz |

Material witnesses (hereafter "Material Witnesses") by and through his counsel, Wayne C. Mayer, submits the following Memorandum of Points and Authorities in support of his motion for a court order to take the Material Witnesses' videotaped deposition.

**I.**

**INTRODUCTION**

On or about June 20, 2008, the material witnesses were detained by the United States Border Patrol in connection with the arrest of defendants in the above-entitled case. The defendants were charged with intent to violate the immigration laws of the United States,

1  knowing and in reckless disregard of the fact that aliens had come to, entered and remained in
2  the United States in violation of law, did transport and move said aliens within the United States
3  in furtherance of such violation of law, in violation of Title 8 U.S.C. sec. 1324 (a)(1)(A)(ii).
4      Agent BPA Snyder was assigned to S-2 fully operational Border Patrol checkpoint which
5  is located at mile marker 51 on Imperial Highway. At approximately 10:00 p.m., a vehicle
6  approached the checkpoint with defendant MIRZA ALVAREZ ESTRADA as the driver of the
7  vehicle and JORGE CAMACHO ANZURES as the only visible right front passenger.
8      Agent Snyder questioned the driver ALVAREZ ESTRADA as to her citizenship in the
9  English language and she did not respond. The questions were repeated in the Spanish language
10 and she stuttered and hesitated to answer the agent's questions and kept looking over to the
11 individual in the passenger side.
12     During the questioning BPA Burruel approached the passenger side of the vehicle and
13 observed two individuals trying to conceal themselves with a blue tarp in the back of the vehicle.
14 BPA Snyder told the driver ALVAREZ ESTRADA to turn off the vehicle and to step out of the
15 vehicle along with the rest of the individuals.
16     All five passengers in the vehicle admitted to being citizens of Mexico illegally in the
17 United States. The driver MIRZA ALVAREZ ESTRADA admitted to being a citizen of
18 Guatemala. The individuals were placed under arrest.
19     The right front passenger was identified as JORGE CAMACHO ANZURES. He was
20 subsequently advised of his rights per Miranda which he acknowledged he understood and
21 waived. He admitted he entered the country illegally approximately 20 years ago by walking
22 through the mountains near San Diego, California. CAMACHO admitted he made arrangements
23 on this occasion to pick up four people at a casino, he admitted he knew they were illegal aliens
24 and that he was to receive a fee for transporting them. CAMACHO stated that he was going to
25

1  transport the illegal aliens to Oceanside, California and that payment for transporting them (the
2  illegal aliens) was to be negotiated.
3      The Material Witnesses were attempting to hide under a blue tarp in the back of the
4  SUV. They (the four individuals) were removed from the SUV. Four of the passengers in the
5  rear of the SUV were determined to be illegal aliens without legal right to enter or remain in the
6  United States. Three of the four individuals were detained as material witnesses who are the
7  moving parties herein.
8      None of the material witnesses are out of custody, having been released on a material
9  witness bonds. All remain detained pending trial of the underlying matter. The witnesses have
10 no one in the United States who can assist them in making or posting bonds and therefore they
11 remain in custody pending a resolution of this matter or a video deposition. One of the material
12 witnesses indentified as JOB RODRIGUEZ RAMIREZ did post a material witness bond but
13 could not be released from custody due to prior contacts with immigration officials. As a result,
14 the posted bond was subsequently exonerated and he was placed back into Marshall's custody.
15
16     The material witnesses and defendants were transported to the Border Patrol station, read
17 their Miranda rights, stated they understood their rights and were willing to make statements
18 about the offense without an attorney being present.
19     Material witnesses JOB RODRIGUEZ RAMIREZ stated a family member made
20 arrangements for him to be smuggled into the United States and would take care of payment. He
21 identified the defendant MIRZA ALVAREZ ESTRADA as their driver. MIRZA ALVAREZ
22 ESTRADA was detained for prosecution of the defendants.
23     JOB RODRIGUEZ RAMIREZ indicates to me that he has family in Mexico who needs
24 his attention and support.
25

VICTOR PEREZ CHAVEZ indicates he made arrangements to be smuggled into the United States for $2000.00. After entering the United States he made a telephone call to a woman to be picked up. After making the telephone call, the defendant MIRZA ALVAREZ ESTRADA arrived and she told the witnesses to get into the vehicle.

ERASMO MALDENADO RIOS indicates he made arrangements to be smuggled into the United States for $2000.00. An individual from the group made a telephone call to be picked up after which the defendant MIRZA ALVAREZ ESTRADA arrived driving the SUV and defendant JORGE CAMACHO ANZURES was the right front passenger. MALDENADO was told by the passenger to get into the vehicle.

It is unnecessary to keep the Material Witnesses in custody because their testimony can be preserved through the use of a videotape deposition. The Material Witnesses therefore request a court order that testimony of the Material Witnesses be preserved through the use of videotape deposition and, thereafter, that the material witnesses be allowed to return to their country of origin.

**II.**

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN THIS COUNTRY**

Section 3144 of Title 18 of the United States Code provides:

No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

A material witness may request that his deposition be taken and that he be released at the conclusion of the deposition. [Federal Rules Crim. P. 15(a)]. Where the material witness'

motion demonstrates his testimony "can be adequately secured by deposition" and that "further detention is not necessary to prevent a failure of justice" the court *must* order his deposition and prompt release.[1]  Torres-Ruiz v. United States 120 F.3d 933, 935 (9th Cir. 1997) [citing Aguilar-Ayala v. Ruiz 973 F.2d 411, 413 (5th Cir. 19920]. See also, 8 U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

1. The Material Witness' Testimony Can Be Adequately Secured By Deposition

The Material Witnesses should not be detained because their testimony can be adequately secured by deposition. This is a routine alien smuggling case. Based on interviews with the Material Witnesses and the report submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (see Mayer Declaration at para. 2-7). The witnesses RODRIGUEZ and MALDENADO each can identify the driver of the SUV (see Mayer Declaration at para. 17-19) and the right front passenger. Moreover, the Government's case does not depend on the testimony of the Material Witnesses alone. Law enforcement agents identify the driver and right front passenger of the vehicle as it approached the checkpoint. Neither the Material Witnesses nor their counsel have been informed by either the government or defense attorneys of any reason why the material witnesses testimony cannot be adequately secured by deposition. (see Mayer Declaration Para. 30).

2. Further Detention of the Material Witness Is Not Necessary To Prevent a Failure of Justice

Deposition of material witness may be used at trial in criminal cases, so it is only in *exceptional circumstances*, where the interests of justice will be denied, that a videotape

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-

-5-                                        08 CR 2252 BTM

deposition is not appropriate. See Torres-Ruiz v. United States 120 F.3d at 936 (9th Cir. 1997); 8 U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to confront and cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans 400 U.S. 89 (1970).

The government or defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. See Aguilar-Ayala v. Ruiz 973 F.2d 413 (5th Cir. 1992), United States v. Humberto-Rivera 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case because the Material Witnesses has indicated they will voluntarily return for trial.  (see Mayer Declaration at para. 33)[2]

Neither the Material Witness nor his counsel has been informed by either the government or defense attorney(s) of any reason why detention is necessary to prevent a failure of justice. (see Mayer Declaration at para. 32)

For these reasons, the Material Witnesses request that the Court immediately ORDER the taking of their videotape deposition, and thereafter that they be immediately returned to their country of origin.

**III.**

---

Ayala v. Ruiz, 973 F.2d 411, 419 (5th Cir.1992).USDCT not and mo video

[2] The government would undoubtedly take reasonable steps to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien (See United States v. Eufracio-Torres 890 F.2d 266, 270.

**IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY**

Where a witness has been held in custody for more than 10 (ten) days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. [Fed. Rules Crim. Proc., Rule 46(g)].

The Material Witnesses are not aware of any reason why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Material Witnesses JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ and ERASMO MALDENADO RIOS respectfully request that their Motion for the Taking of Videotape Deposition be granted. In the alternative, the witnesses requests they immediately be provided with a statement of reasons why they need to remain in custody.

Dated: July 24, 2008           s/ Wayne C. Mayer
                               Wayne C. Mayer
                               Attorney for Material Witnesses

Wayne C. Mayer
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witnesses:   JOB RODRIGUEZ RAMIREZ
VICTOR PEREZ CHAVEZ
ERASMO MALDENADO RIOS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 08 CR 2252 BTM |
| Plaintiff, | DECLARATION OF WAYNE C. MAYER IN SUPPORT OF MOTION FOR VIDEOTAPED DEPOSITION OF MATERIAL WITNESS (ES) JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, ERASMO MALDENADO RIOS |
| vs. | |
| MIRZA ALVAREZ ESTRADA, JORGE CAMACHO ANZURES, | |
| Defendants. | Date: August 15, 2008<br>TIME: 1:30 p.m.<br>DEPT: Judge Moskowitz |

I, Wayne C. Mayer, declare:

I am the attorney appointed to represent the material witnesses above referenced in the Prosecution of defendants above referenced;

1. On or about June 20, 2008, the material witnesses were detained by the United States Border Patrol in connection with the arrest of defendants in the above-entitled case. The defendants were charged with intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport and move said aliens

-1-                                                                                                       08 CR 2252 BTM

within the United States in furtherance of such violation of law, in violation of Title 8 U.S.C. sec. 1324 (a)(2)(A)(ii);

2. The material witnesses were observed/ discovered in a red SUV at an immigration checkpoint within the United States;

3. On June 20, 2008 Agents at S-2, a fully operational Border Patrol Checkpoint, observed the suspected vehicle approach the checkpoint in a slow and hesitant manner.

4. Agents observed defendant MIRZA ALVAREZ ESTRADA driving the suspect vehicle with only one visible passenger in the right front seat;

5. Agents who responded to the area observed several individuals attempt to conceal themselves in the back of the vehicle with a blue tarp;

6. Agents removed a number of illegal aliens, four from the back of the SUV including the three material witnesses who are making this motion for video taped deposition;

7. One of the illegal aliens in the back of the vehicle was identified as Jose Alfredo Calderon Martinez, who after questioning, was not detained as a material witness but released back to Mexico;

8. Defendant JORGE CAMACHO ANZURES was read his Miranda rights which he indicated he understood and was willing to waive.

9. CAMACHO stated he is a citizen of Mexico without legal right to enter or remain in the United States.

10. CAMACHO admitted to arranging to meet the illegal aliens at the casino in California and smuggle them within the United States to Oceanside, CA

11. CAMACHO admitted he was going to receive a sum of money for today's job which was going to be negotiated later;

12. Defendant MIRZA ALAVAREZ ESTRADA was read her Miranda rights and indicated she understood her rights and did not wish to waive them or make a statement;

13. The three material witnesses who were detained, and are the subject of this motion, were removed from the SUV driven by defendant ALVAREZ.

14. The material witnesses and defendants were transported to the Border Patrol station, read their Miranda rights, stated they understood their rights and all but ALVAREZ were willing to make statements about the offense without an attorney being present;

15. The defendant CAMACHO admitted smuggling the four illegal aliens they had picked up at a casino and he was going to receive payment for transporting the illegal aliens to Oceanside, California;

16. Material witnesses JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ AND ERASMO MALDENADO RIOS each stated they are citizens and nationals of Mexico without valid immigration documents to enter or remain in the United States legally.

17. RODRIGUEZ indicated his family made the smuggling arrangements and agreed to pay a smuggling fee, he indicates defendant ALVAREZ was the driver of the SUV and CAMACHO was the right front passenger. Further, that the lady ALVAREZ told him to get in the vehicle;

18. VICTOR PEREZ CHAVEZ indicated he made the smuggling arrangements and was to pay $2000 to be smuggling within the United States;

19. ERASMO MALDENADO RIOS indicated he made the smuggling arrangements and was to pay $2000 to be smuggled in the United States, he identifies a photograph of defendant ALVAREZ as the driver of the vehicle;

20. JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, AND ERASMO MALDENADO RIOS were detained for prosecution of the defendants;

21. Each of the material witnesses indicate to me that they have family in Mexico who need their attention and support;

22. Each material witness indicates to me he has no family or friends in the United States that could assist the witness in posting a material witness bond and therefore will remain in custody until the defendant pleads guilty or his testimony is preserved by a video deposition;

23. I have made a diligent search to locate friends or family in the United States who could assist the material witnesses;

24. I have called and spoken with family and/or friends of each of the material witnesses both here in the United States and in Mexico in an effort to locate a relative or friend in the United States who could be of assistance to the material witness and have not been able to locate a possible surety;

25. A complaint charging the defendants with smuggling illegal aliens was filed June 23, 2008;

26. The defendants were thereafter indicted and the defendants arraigned on the indictment in this case and is now set for motions in U. S. District Court for the Southern District of California August 15, 2008;

27. During my interview with the material witnesses they indicated they had come to the United States in search of employment in order to support their needy families that remained behind in Mexico and they needed to work to support their families;

28. The facts to which the material witnesses would testify are straight forward; they were in a vehicle driven by defendant ALVAREZ who was assisted by defendant CAMACHO, both of whom were observed in these roles by United States Border Patrol agent;.

29. The defendant ALVAREZ did not make any statement. Defendant CAMACHO made a statement and confessed to making arrangements to pickup the material witnesses and

transport them to Oceanside, CA for a fee. Defendant CAMACHO indicated to the agents that defendant ALVAREZ did not know the material witnesses were illegal or knowingly participate in the illegal enterprise in an effort to circumvent immigration laws;

30. I have not been advised by either government or defense counsel of any reasons why the witnesses' testimony cannot be adequately secured by deposition;

31. Law Enforcement officials arresting the defendants can independently identify the defendants as the driver and right front passenger of the smuggling vehicle;

32. I have not been advised by either government or defense counsel of any reason why a detention is necessary to prevent a failure of justice;

33. Each of the material witnesses indicate to me they would return to this court for trial;

34. The parties have not been able to negotiate a resolution of this matter or stipulate to a date for a video deposition in order to facilitate the release of the material witnesses and their return to their country of origin and I believe that because of the relationship of the various parties this case is likely to proceed to trial;

I make this declaration under penalty of perjury and the laws of the United States of America and California.

Dated: July 24, 2008                    s/ Wayne C. Mayer
                                        Wayne C. Mayer
                                        Attorney for Material Witnesses

**PROOF OF SERVICE**

Case Name:   U.S.A. vs. MIRZA ALVAREZ ESTRADA, JORGE CAMACHO ANZURES

Case Number: 08 CR 2552 BTM

I am employed in the County of San Diego, State of California and over the age of eighteen years.  I am not a party to the within action.  My business address is 4619 Van Dyke Avenue, San Diego, California 92116.

I served the document(s) listed below on opposing counsel by causing to be delivered an efile copy thereof to the office of the Clerk, 880 Front Street, San Diego, California 92189 and served by personal delivery on the parties listed herein.

Date Served:  July 28, 2008
Documents Served:
- NOTION OF MOTION AND MOTION FOR VIDEO TAPED DEPOSITION OF JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, AND ERASMO MALDENADO RIOS;
- POINTS AND AUTHORITIES IN SUPPORT OF MATERIAL WITNESSES JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, AND ERASMO MALDENADO RIOS; MOTION FOR VIDEO TAPED DEPOSITION;
- DECLARATION OF WAYNE C. MAYER IN SUPPORT OF MATERIAL WITNESSES JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, AND ERASMO MALDENADO RIOS; MOTION FOR VIDEO TAPED DEPOSITION;
- ORDER  VIDEO TAPED DEPOSTION OF MATERIAL WITNESSES JOB RODRIGUEZ RAMIREZ, VICTOR PEREZ CHAVEZ, AND ERASMO MALDENADO RIOS;;
- PROOF OF SERVICE.

Parties Served:       Mark Conover, Assistant United States Attorney; Karen P. Hewitt, United States Attorney
I also caused an additional copy to be served by personal service on the attorney(s):

Stephen_Demik@fd.org
Stephen Demik, Esq.            Fax: 619-687-2666
Federal Defenders, Inc.
225 Broadway, Ste. 900
San Diego, CA 92101

Efile.dkt.gc2@usdoj.gov
Mark Conover, Esq.             Fax: 619-235-2757
Assistant United States Attorney
880 Front Street, Fifth Floor
San Diego, CA 92101

jw@warrenlaw.com
Jeremy Warren, Esq.            Fax: 619-233-3221
Law Offices of Jeremy Warren
105 F Street, 4th Floor
San Diego, CA 92101

Dated: July 28, 2008                              s/Wayne C. Mayer
                                                  Wayne C. Mayer

08 CR 1559 H