JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Mr. Camacho

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**JORGE CAMACHO-ANZURES,**<br><br>　　　　Defendant. | Case No. 08cr2252-BTM<br><br><br><br>MOTION FOR PRETRIAL DISCOVERY<br>AND FOR LEAVE TO FILE FURTHER MOTIONS |

**I.**

**Introduction and Statement of Facts**

According to the reports provided by the government, on June 20, 2008, a Ford Expedition pulled into a Border Patrol checkpoint on Highway S-2 in the Imperial Valley of California. Codefendant Mirza Alvarez-Estrada was driving, her husband, defendant Jorge Camacho was in the front passenger seat. During the inspection, the driver appeared nervous, and the inspectors noticed people hiding under a tarp in the back of the Explorer. The Border Patrol agents detained the vehicle, and found undocumented Mexican citizens in the Explorer along with the defendants.

Ms. Alvarez, a Guatemalan Citizen with Legal Permanent Resident status and a pending asylum hearing in the United States, invoked her right to remain silent and was not questioned.

Mr. Camacho waived his rights and admitted that he had agreed to transport the undocumented aliens by picking them up at a casino and taking them to Oceanside, California. He stated that his wife was not involved in the smuggling transaction and that she was unaware that the individuals were undocumented.

The undocumented individuals provided similar accounts, explaining that they had paid smugglers

to be crossed into the United States and transported further north. They were crossed by foot guides, then told to call a number. They called the number, spoke with a woman who indicated that some people would be sent to retrieve them, and that the Explorer arrived later. The occupants of the Explorer told them to get in the back, where they remained until they were captured. The aliens were not able to implicate the defendants in crossing them or in participating in the planning or arrangements for the crossing from Mexico. Nonetheless, the government sought, and the grand jury returned an indictment charging transportation of illegal aliens as well as bringing in illegal aliens for financial gain.

      Mr. Camacho and Ms. Alvarez remain in custody, as do the material witnesses.

## II.

### Motion to Compel Discovery/Preserve Evidence

      This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

      (1) <u>The Defendants Statements</u>. Mr. Camacho requests disclosure of <u>all</u> copies of any written or recorded statement made by the him or his codefendant; any written record containing the substance of any oral statements made by the him or his codefendant and any written summaries of the his or his codefendant's oral statements contained in the handwritten or rough notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given by him or any codefendant; any response by either of the defendants to interrogation; as well as any other statements by the defendants. Fed. R. Crim. P. 16(a)(1)(A).

      (2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Camacho also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting

officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Criminal Record</u> Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Camacho requests all his rap sheets and any other evidence discoverable under these rules. Mr. Camacho requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of all co-defendants, former co-defendants and government witnesses including informants.

(4) <u>Evidence Seized</u>. Mr. Camacho requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects</u>. Mr. Camacho requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). This is particularly necessary in this case because marijuana plants have a specific definition in federal law, and Mr. Camacho needs an opportunity to independently inspect all of the suspected marijuana plants so that he can determine whether each alleged plant has a readily observable root formation such as roots, a rootball, or root hairs.

(6) <u>Request for Preservation of Evidence</u>. Mr. Camacho specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, alleged contraband (*see* § II(5), *supra*) and vehicles, the results of any fingerprint analysis, Mr. Camacho's personal effects, and any evidence seized from the defendant or any other party.

(7) <u>Reports Of Examinations And Tests</u>. Mr. Camacho requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the

preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) <u>Expert Witnesses</u>. Mr. Camacho requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Brady Material</u>. Mr. Camacho requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information</u>. Mr. Camacho requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) <u>Informants and Cooperating Witnesses</u>. Mr. Camacho requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u> Mr. Camacho also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Camacho's defense.

In this case, the government used an active duty marine as an informant. As a participant in the narcotic transactions, this CI is a percipient witness. According to statements the informant made while wired up, the informant was convicted in a military court martial. For impeachment purposes, as well as to present his own defense, which may be based on entrapment, Mr. Camacho needs full background

1 information on this informant, starting with his name and address, and including his criminal record
2 (civilian and military) along with any documentation of promises made to or expectations of leniency or
3 otherwise favorable treatment expressed by or to the informant.
4      (12) <u>Jencks Act Material</u>. Mr. Camacho requests production in advance of trial of all material,
5 including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance
6 production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.
7 A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is
8 sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>,
9 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth
10 Circuit held that when an agent goes over interview notes with the subject of the interview the notes are
11 then subject to the Jencks Act.
12      (13) <u>Any Potential 404(b)/609 Evidence</u>. Mr. Camacho requests prior notice of any other crimes
13 or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or
14 rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Mr. Camacho requests such
15 notice at least one month before trial in order to give the defense time to investigate and prepare for trial.
16      (14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u> As discussed
17 above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963). This request
18 includes any cooperation or attempted cooperation by the defendant, as well as any information that could
19 affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also
20 included in this request is any information relevant to a Chapter Three adjustment, a determination of the
21 defendant's criminal history, or any other application of the Guidelines. Additionally, Mr. Camacho
22 specifically requests any evidence the government intends to use at sentencing to establish his status as a
23 career offender or for any other enhancement to his sentence;
24      (15) <u>Evidence of Bias or Motive to Lie</u> Mr. Camacho requests any evidence that any prospective
25 government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or
26 has a motive to falsify or distort her or his testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987);
27 <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);
28

5

1     (16) <u>Impeachment evidence</u>  Mr. Camacho requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, supra.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

    (17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Camacho requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

    (18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Camacho requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

    (19) <u>Witness Addresses</u>  Mr. Camacho requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

    (20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Camacho requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

(21) <u>Statements Relevant to the Defense</u>  Mr. Camacho requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Camacho requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such <u>Henthorn</u> documents, defense counsel will not be able to procure then from any other source;

(23) <u>Prosecutor's Duty to Inspect Agent's Files</u>  Mr. Camacho requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>.  Mr. Camacho requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Camacho requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case.  He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders.  He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Alienage Information</u>.  Mr. Camacho requests all information and evidence in the government's possession relating to his alienage, his co-defendant's alienage, and that of the material witnesses, including Immigration A-Files, records of deportable aliens, and any other relevant documents.

(27) <u>Residual Discovery/All Other Relevant Materials</u>  Mr. Camacho intends for this motion to cover the full extent of discoverable material.  She therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

//

//

### III.

### **Mr. Camacho Seeks Leave to File Further Motions**

The parties hope to resolve the case without further litigation. Should negotiations break down, Mr. Camacho requests an opportunity to file further, substantive motions.

### IV.

### **Conclusion**

For the reasons stated above, the defendant, Mr. Camacho, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

/s Jeremy D. Warren

Dated: August 4, 2008

JEREMY D. WARREN
Attorney for Defendant Camacho

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On August 4, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery**

on the below attorneys by electronic filing:

Office of the United States Attorney

Stephen Demick, Federal Defenders of San Diego

Material Witness attorney Wayne Mayor

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 4, 2008 at San Diego, CA.

/s Jeremy Warren

_____
Jeremy D. Warren